No. 12-1128

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AMERICAN UNIVERSITY OF ANTIGUA COLLEGE OF MEDICINE, | ) ) ) | **FILED** *Apr 30, 2012* LEONARD GREEN, Clerk |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | O R D E R |
| STEVEN WOODWARD, | ) ) | |
| Defendant-Appellant. | ) ) ) | |

Before: BOGGS and GRIFFIN, Circuit Judges; ECONOMUS, District Judge.*

This matter is before the court upon consideration of Steven Woodward's response to this court's order directing him to show cause why his appeal should not be dismissed, as taken from a nonappealable order and on the basis of a late notice of appeal. Woodward has responded primarily by contending that he has been denied due process below and by noting that he filed a motion to reconsider the district court's opinion and order at issue in this appeal.

The record reflects that the district court entered an opinion and order on December 5, 2011, in which it granted plaintiff summary judgment in part, granted Woodward summary judgment in part, permanently enjoined Woodward from publishing certain statements about plaintiff, but reserved ruling on plaintiff's claim for money damages against Woodward. Woodward filed a motion for reconsideration of the December 5, 2011, ruling on December 13, 2011. The district court has yet to rule on Woodward's motion to reconsider and has yet to enter a final judgment in the case.

Upon consideration, this appeal will be dismissed insofar as Woodward is appealing the district court's partial grant of summary judgment for each party. The district court's grant of

---

*The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

summary judgment with respect to fewer than all of the claims in a case is not immediately appealable, absent a Federal Rule of Civil Procedure 54(b) certificate. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-45 (1976); *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009); *Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003). Nor was the partial grant of summary judgment an immediately appealable "collateral order" under the doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). Finally, the district court has not entered its final decision during the pendency of this appeal; therefore, appellate jurisdiction cannot be invoked over this interlocutory appeal from the partial decision. *See Bonner*, 564 F.3d at 427-29; *Gillis v. U.S. Dep't of HHS*, 759 F.2d 565, 569 (6th Cir. 1985). Accordingly, this appeal is dismissed insofar as Woodward is appealing the district court's partial grant of summary judgment.

Although it is far from clear that Woodward intends to appeal the permanent injunction against him, an immediate appeal could be taken pursuant to 28 U.S.C. § 1292(a)(1). However, Woodward's motion to reconsider is reasonably construed as a time-tolling Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. Because the district court has not yet ruled on Woodward's motion, the notice of appeal will not become effective until the district court rules on the motion. Fed. R. App. P. 4(a)(4)(B)(i). Accordingly, this appeal will be held in abeyance pending the district court's ruling on Woodward's motion to reconsider, or pending a voluntary dismissal of the appeal, should Woodward decide not to pursue an appeal of the permanent injunction.

Accordingly, the appeal is dismissed for lack of appellate jurisdiction insofar as it is taken from the district court's partial grant of summary judgment; otherwise, the appeal will be held in abeyance.

ENTERED BY ORDER OF THE COURT

Clerk